UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
JUN 18 2007

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| FIRST MIDWEST BANK - DEERFIELD BRANCHES, MIDCOUNTRY BANK, | CIV 06-4114 |
| Plaintiffs, | |
| -and- | MEMORANDUM OPINION AND ORDER GRANTING MOTION TO INTERVENE |
| NORTH AMERICAN BANKING COMPANY, | |
| Plaintiff-Intervener, | |
| -vs- | |
| METABANK, f/k/a FIRST FEDERAL SAVINGS BANK, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

A Motion to Intervene, Doc. 59, was filed by North American Banking Company ("NABC"), pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. NABC seeks to intervene as a plaintiff in this action to assert the claims and obtain the relief set forth in a proposed Complaint, (doc. 60, exhibit 1), on the ground that its claims and this action have questions of law and fact in common. Plaintiffs agreed to stipulate to NABC's intervention but Defendant, Metabank, objects, arguing that differences in the claims between Plaintiffs and NABC will unduly complicate and expand the issues in this case.

Intervention is governed by Rule 24 of the Federal Rules of Civil Procedure. It provides, in relevant part:

> Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the

intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24(b). Whether to grant permissive intervention pursuant to Rule 24(b)(2) is wholly within the court's discretion. *South Dakota ex rel Barnett v. United States Dep't of Interior*, 317 F.3d 783, 787 (8th Cir.2003). A court properly grants permissive intervention where (1) the motion is timely; (2) the movant shows independent jurisdictional grounds; and (3) the movant's claim or defense and the main action share common questions of law or fact. Fed. R. Civ. P. 24(b); *United States v. Union Elec. Co.*, 64 F.3d 1152, 1170 n. 9 (8th Cir. 1995). But the "principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights." *South Dakota ex rel Barnett*, 317 F.3d at 787. The first three factors listed above are not at issue in this case. There is no dispute that the motion is timely, there is an independent showing of diversity jurisdiction, and NABC's claims and the main action share common questions of law or fact. Thus, the Court must decide whether the intervention will unduly prejudice the adjudication of the rights of the original parties.[1]

> Addressing the issue of prejudice related to intervention, Metabank states:
>
> Here, North American brings to the litigation a whole new contract, albeit a form contract mostly identical in terminology. A very key difference, however, is its commencement at a different period of time resulting from communications between MetaBank and North American between November 1 and November 17 when the contract commenced. Key to this period will be exchanges in communication and the assessment of reliance and allegations of fraud and misrepresentation. The existing plaintiffs, on the other hand, allege communications and a relationship with MetaBank commencing as early as 1999 up to October 1, 2004, when their contracts commenced. These two periods of time encompass totally different timeframes involving different communications which will be the subject matter of claims of misrepresentation, a difference which could clearly result in confusion to any impaneled jury, and complexity in the resulting instructions.

---

[1] Undue delay is not an issue. NABC states that it will have no problem meeting the schedule proposed by the parties in the Report of Parties' Planning Meeting, doc. 64. In addition, there is another lawsuit against Metabank pending in this Court arising out of the Dan Nelson loans, and Metabank has moved to consolidate the two cases for discovery purposes only. Considering the early stage of the litigation, the timeliness of the motion to intervene, and the fact that discovery has not concluded, intervention will not unduly delay the litigation.

(Doc. 63, p. 7.) In addition, Metabank states that, if NABC is allowed to intervene, it may file a counterclaim against it because NABC set-off some of its losses on the Dan Nelson loans against Metabank's interest in a completely separate loan.[2] According to Metabank, confusion may be caused by introduction of an equitable claim such as set–off, an issue which is peculiar to NABC.

The Court is not convinced that intervention by NABC will confuse the issues or unduly complicate the adjudication of the rights of the original parties. The factual and legal issues, even if numerous, are not particularly complex. In addition, intervention is likely to alleviate delay and expense for the litigants. NABC pointed out the similarities between its claims against Metabank and the claims asserted by Plaintiffs:

> [B]oth NABC and Plaintiffs will introduce significant evidence about Metabank's relationship with DNAG/SDAC. Also, both NABC and Plaintiffs will introduce significant amounts of evidence concerning what Metabank knew about DNAG/SDAC's financial and legal problems and when exactly Metabank had that knowledge. Finally, both NABC and Plaintiffs will introduce evidence showing that Metabank withheld material information when it failed to disclose the Iowa Attorney General's investigation and its deficient auditing of DNAG/SDAC's books and records.
>
> \* \* \* \*
>
> NABC and Plaintiffs both participated in a common underlying loan, they both received the same or similar information prior to purchasing a participation, and they both purchased their participation using the same form participation agreement.

(Doc. 65, p. 6-7.)

After careful consideration of Metabank's arguments and the record in this case, the Court finds that intervention by NABC will not unduly prejudice the adjudication of Metabank's rights. The Court also finds that the interests of judicial economy warrant granting intervention. The Court will exercise its discretion and will grant permission for NABC to intervene as a plaintiff in this case. Accordingly,

---

[2]NABC alleges that Metabank had previously purchased a participation in a loan by NABC to an entity called Dignified Assisted Living, Inc. ("DAL"). As the lead bank on that loan, NABC was able to reduce Metabank's level of participation in the DAL loan in an amount equal to the amount Metabank caused NABC to over advance on the loan at issue in this case.

3

IT IS ORDERED:

1. That North American Banking Company's Motion to Intervene, Doc. 59, is granted, and North American Banking Company is joined as a Plaintiff in this action.

2. That the caption shall be amended as set forth above.

3. That the Clerk of Court shall file North American Banking Company's Complaint, attached as Exhibit 1 to Document 60, the Affidavit of Michael A. Rosow.

Dated this 18th day of June, 2007.

BY THE COURT:

*Lawrence L. Piersol*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
DEPUTY