

**FILED**
SEP 0 6 2007

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| FIRST MIDWEST BANK - DEERFIELD BRANCHES, MIDCOUNTRY BANK, | \* | CIV 06-4114 |
| Plaintiffs, | \* | |
| -and- | \* | MEMORANDUM OPINION AND ORDER CONSOLIDATING CASES |
| NORTH AMERICAN BANKING COMPANY, | \* | |
| Plaintiff-Intervener, | \* | |
| -vs- | \* | |
| METABANK, f/k/a FIRST FEDERAL SAVINGS BANK, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant Metabank filed a motion to consolidate this case with First Premier Bank v. Metabank, CIV 06-4115 for discovery purposes only. (Doc. 69.) A review of the files in both cases indicated that the Court should consider consolidating the two cases for all purposes, including trial, and the Court directed the parties to brief the issue. (Doc. 74.)

Plaintiffs First Midwest Bank and Midcountry Bank filed a joint memorandum in support of consolidating the cases for all purposes, including trial, indicating that the facts and issues are "similar enough that consolidation would benefit judicial economy." (Doc. 79.) First Premier Bank, the plaintiff in CIV 06-4115, also filed a memorandum in support of consolidating the cases for all purposes. (CIV 06-4115, doc. 45.) Metabank's briefs objecting to consolidation of the cases for trial were filed in CIV 06-4115. Metabank requests consolidation for discovery only.

## DISCUSSION

Federal Rule of Civil Procedure 42 provides that "[w]hen actions involving a common question of law or fact are pending before the court . . . it may order all the actions consolidated." Fed.R.Civ.P 42(a). The Court has carefully considered the cases cited by Metabank in its opposition to consolidating this case for trial with CIV 06-4115. Those cases are distinguishable. For example, in *Apostolou v. Geldermann, Inc.*, 919 F.Supp. 289 (N.D.Ill. 1996), the court did not consolidate the investors' action arising out of an alleged *Ponzi* scheme in part because the plaintiffs varied widely in investor sophistication and, therefore, the reasonableness of their reliance on defendants' representations might have differed greatly. That concern is not significant here because the plaintiffs in both cases are banks.

The fact that there are some differing claims and defenses does not dissuade the Court from consolidating the cases for trial. In *Consolidated Parlodel Litigation*, 182 F.R.D. 441 (D.N.J. 1998), cited by Metabank, the products liability cases were not consolidated in part because the plaintiffs suffered dramatically different injuries and different law applied to their claims. In the present case, the legal and factual premises for all of the claims are closely connected. Consolidating the cases for all purposes will be efficient and convenient for the Court, counsel, and the parties, and will prevent unnecessary expense and delay. Cautionary instructions and careful control of the trial and the manner in which the plaintiffs' claims are presented to the jury will alleviate jury confusion and any prejudice to Metabank.

The Court will grant Metabank's request to revisit this issue through a motion to sever if discovery reveals that the cases should be tried separately. Accordingly,

IT IS ORDERED:

1. That this case is consolidated for all purposes with CIV 06-4115. This case, CIV 06-4114, will be the lead case, and all further filings must be made in this file. No further filings shall be made in member case CIV 06-4115.

2. That Metabank's motion to consolidate for discovery purposes only, doc. 69, is denied as moot.

3. That the heading of this case will be changed in all subsequent pleadings to read as follows:

FIRST MIDWEST BANK - DEERFIELD
BRANCHES, MIDCOUNTRY BANK,
NORTH AMERICAN BANKING COMPANY
and FIRST PREMIER BANK,

        Plaintiffs,

vs.

METABANK, f/k/a FIRST FEDERAL
SAVINGS BANK,

        Defendant.

Dated this 6th day of September, 2007.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY _____
       DEPUTY